IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RUSTY LEE HILLIARD, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  5:20-CV-00097-RWS |
| v. | § § § | |
| SHERIFF, SMITH COUNTY, | § § § | |
| Defendant. | § § | |

## ORDER

Petitioner Rusty Lee Hilliard, an inmate confined in the Smith County Jail, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court referred this matter to the United States Magistrate Judge for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends dismissing the petition as barred by limitations. Docket No. 4 ("Report and Recommendation").

Petitioner filed objections to the Magistrate Judge's Report and Recommendation. Docket No. 7. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law.  *See* FED. R. CIV. P. 72(b).

In his objections, petitioner does not challenge the calculation of the one-year limitations period as set forth in the Report. Docket No. 7. Instead, he  asserts he is not barred by limitations because his constitutional rights have been violated. *Id*. at 2. Petitioner claims that he "is being punished twice for [the] same offense by not being given credit for time already served." *Id*.  But, as the Magistrate Judge noted, the one-year limitations period is "easily applied across-the-board to petitions attacking the prisoner's conviction as well as the calculation of time served."  Report and Recommendation at 2 (quoting Kimbrell v. Cockrell, 311

F.3d 361, 363 (5th Cir. 2002)).

The petition here is barred by limitations. According to Petitioner, his blue warrant issued on February 10, 2016 and his time began to run on his six-year sentence. Docket No. 1 at 5. Petitioner filed a state application for writ of habeas corpus that was dismissed on March 28, 2018. The petition here was not filed until more than two years later, on June 1, 2020. Limitations thus bars Petitioner's habeas petition and his objections are overruled.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not

novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the Magistrate Judge's Report and Recommendation (Docket No. 4) is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So ORDERED and SIGNED this 22nd day of April, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE